UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL RAY EDWARDS,<br><br>            Petitioner,<br><br>      v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA et al.,<br><br>            Respondent. | No.  2:15-cv-0055 DAD P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

**PRELIMINARY SCREENING**

After reviewing the petition filed in this action, the court has determined that it must be dismissed with petitioner being granted leave to file an amended petition.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir.1990) (dismissal is appropriate when the allegations in a habeas petition are vague, conclusory, patently frivolous or false, or palpably incredible).  Specifically, it is not clear from the petition and its attachments what judgment of conviction petitioner is challenging or, in the alternative, if he is attempting to challenge the outcome of a parole proceeding.  It is also not clear from the allegations of the pending petition what petitioner's claims for relief are in this federal habeas action.

1

If petitioner elects to continue to pursue this action by filing an amended petition, he will need to specify therein what criminal conviction, if any, he is seeking to challenge, where that conviction was entered, and explain why he believes he is entitled to federal habeas relief. If petitioner is seeking to challenge a parole proceeding, he will need to specify when the challenged parole proceeding took place and explain why he believes he suffered a federal constitutional deprivation as a result of the decision issued in that proceeding.[1]

Petitioner is advised that under Rule 2(c) of the Rules Governing Section 2254 Cases, a federal habeas petition must:

> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury….

In addition, "the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4, Advisory Committee Note, Federal Rules Governing Section 2254 Cases.

**OTHER MATTERS**

Petitioner has also filed several lengthy motions with the court, including a motion styled "Motion for Order Safeguarding Constitutional Rights," motions for extension of time to procure certain documents, and a motion to compel. As with petitioner's federal habeas petition, these motions are difficult to decipher, and therefore, the court is unable to determine what relief petitioner seeks or whether petitioner is entitled to any relief with respect to his various motions. Insofar as petitioner seeks additional time to obtain documents in support of the allegations of his petition, for the reasons discussed above, the court is dismissing the petition and will grant petitioner additional time to file an amended petition. For all these reasons, the court will deny

/////

---

[1] Petitioner is cautioned that in the parole context, "the procedures required are minimal." Swarthout v. Cooke, 562 U.S. 216, 220 (2011). A prisoner has received due process when he is allowed "an opportunity to be heard" and is "provided a statement of the reasons why parole was denied." Id.

petitioner's pending motions without prejudice to their renewal at a later time should that become appropriate.

If petitioner elects to continue to pursue habeas relief by filing an amended petition, he may file additional attachments or exhibits with it at that time. Petitioner is also advised that this court will not allow piecemeal filings in this action. If petitioner files an amended petition, it must be complete. If petitioner cannot complete his amended petition in the time provided by the court in this order, petitioner should file a request for an extension of time in which to do so.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for writ of habeas corpus is dismissed with leave to amend within thirty days from the date of this order;

2. Any amended petition petitioner elects to file must be filed on the form employed by this court and must state all claims and prayers for relief on the form. It must also bear the case number assigned to this action and must bear the title "Amended Petition." Petitioner's failure to file an amended petition will result in the dismissal of this action;

3. Petitioner's pending motions (Doc. Nos. 5, 8, 11 & 12) are denied without prejudice; and

4. The Clerk of the Court is directed to send petitioner the form petition for habeas corpus relief in this court.

Dated: September 28, 2015

Dated: September 28, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
edwa0055.amd

3